UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

---

In re

DAVID J. MATHE and
LAURIE M. MATHE,

    Debtors.

Case No. 10-38356

Chapter 7

---

CRAIG T. BELL and
JEANNE E. BELL,

    Plaintiffs

v.

DAVID J. MATHE and
LAURIE M. MATHE,

    Defendants.

Adv. No. 11-2190

---

MEMORANDUM DECISION ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

---

  The plaintiffs, Craig and Jeanne Bell, brought this adversary proceeding objecting to the dischargeability of a state court judgment entered against the defendants, David and Laurie Mathe. After the defendants filed their answer, the plaintiffs moved for summary judgment asserting they were entitled to a nondischargeable judgment pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(4).

  This Court has jurisdiction under 28 U.S.C. § 1334 and this is a core proceeding under 28 U.S.C. § 157(b)(2)(I). This decision constitutes the Court's findings of fact and conclusions of law under Fed. R. Bankr. P. 7052. For the reasons stated herein, the plaintiffs' motion for summary judgment is denied.

BACKGROUND

In January 2004, the plaintiffs contracted with the defendants, who at that time were doing business as Dave's Carpentry Service, to make various improvements to their home. The plaintiffs paid the defendants in full on the contract and the defendants failed to complete the remodel.

On March 18, 2005, the plaintiffs filed a complaint in the Winnebago County Circuit Court, alleging, among other things, that the defendants violated unnamed provisions in the Wisconsin Administrative Code regarding home improvement trade practices. The complaint alleged that the defendants orally promised the plaintiffs that the agreed upon work would be completed by April 2004, and the former refused to complete the remodeling project in accordance with the contract. According to the complaint, the work was never completed and some of the work was done in an unacceptable manner. The plaintiffs sought double damages due to "the negligent, derelict partially completed work done by the Defendants and their failure to follow through with the agreed upon original contract." (Complaint, Winnebago County Circuit Court Case No. 05 CV 333, filed March 18, 2005). After a trial, the state court entered judgment in favor of the plaintiffs, finding:

> 1. That the allegations, of the Complaint, are proven to be true.
>
> 2. Defendants did violate the WI Administrative Code which subjects Defendants to double damages, costs and actual attorney fees. (Chapter ATCP 110, Home Improvement Practices)[.]
>
> 3. Plaintiffs were damaged by the negligent, derelict work by the Defendants.
>
> . . .
>
> The Court finds by the clear and convincing evidence that Plaintiffs are entitled to a Judgment against Defendants consisting of double damages, attorney fees and costs in

2

the amount of $24,800.00. (Sums are rounded off and adjusted by the Court and its best effort to determine appropriate amounts.)

(Findings of Fact and Conclusions of Law, Winnebago County Circuit Court Case No. 05 CV 333, entered June 14, 2006).

The plaintiffs received $1,215.01 from the defendants as a result of a wage garnishment.[1] The defendants filed a chapter 7 petition on November 16, 2010.

## ARGUMENTS

The plaintiffs argue that under the principles of claim and issue preclusion, this Court is bound by the state court's previous determination that the defendants made misrepresentations to the plaintiffs in connection with the contract, and that the work was never completed despite payment in full of the contract price. The plaintiffs' reliance upon those misrepresentations and the resulting damages constitute a nondischargeable obligation under 11 U.S.C. § 523(a)(2)(A). Additionally, the funds received by the defendants constitute trust funds to be used solely for the benefit of the plaintiffs pursuant to Wis. Stat. § 779.02(5), and the defendants' failure to comply with the theft by contractor statute constitutes a defalcation under 11 U.S.C. § 523(a)(4).

The defendants argue that they completed a substantial portion of the construction project, but the labor and materials were never offset in the state court judgment. The amount of damages are in dispute, precluding summary judgment.

## DISCUSSION

*Summary Judgment and Issue Preclusion.*

Summary judgment is required "if the movant shows that there is no genuine dispute as to

---

[1] The chapter 7 trustee requested return of this preferential payment, and the plaintiffs agreed to settle the claim for $400.00.

3

any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To determine if there is a genuine issue of material fact, all facts are construed in the light most favorable to the non-moving party. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). Additionally, all reasonable inferences are drawn in favor of that party. *Id*. However, the non-movant must set forth "specific facts showing that there is a genuine issue for trial" which requires more than "just speculation or conclusory statements." *Id*. at 283 (citations omitted).

The doctrine of issue preclusion prevents relitigation of an issue of fact or law previously decided in a judicial proceeding provided the party against whom the prior decision was asserted enjoyed a full and fair opportunity to litigate that issue in the earlier proceeding. *Allen v. McCurry*, 449 U.S. 90, 94-95, 101 S.Ct. 411, 414-415 (1980). Additionally, issue preclusion applies in dischargeability proceedings in bankruptcy. *Klingman v. Levinson*, 831 F.2d 1292, 1295 (7th Cir. 1987).

First, as a matter of full faith and credit a federal court must apply the forum state's law of issue preclusion when it determines the preclusive effect of a state court judgment. 28 U.S.C. § 1738; *Stephan v. Rocky Mountain Chocolate Factory, Inc.*, 136 F.3d 1134, 1136 (7th Cir. 1998). Additionally, the forum state's law of issue preclusion applies in determining the dischargeability of debt. *Bukowski v. Patel*, 266 B.R. 838, 842 (E.D. Wis. 2001) (citing *Matter of Bulic*, 997 F.2d 299, 304 n. 6 (7th Cir. 1993)). Therefore, whether issue preclusion applies must be determined according to Wisconsin law.

In Wisconsin courts, issue preclusion is a two-step analysis. The first step is to determine whether a litigant against whom issue preclusion is asserted is in privity with a nonparty or has sufficient identity of interests to comport with due process. *Paige K.B. ex rel. Peterson v. Steven*

*G.B.*, 226 Wis. 2d 210, 224, 594 N.W.2d 370 (1999). The debtors were a party to the previous action, so privity is not a question the Court needs to address.

The next step in issue preclusion analysis is whether applying issue preclusion comports with principles of fundamental fairness. This is generally a discretionary decision, although some of the factors a court is to consider in determining fairness present a question of law. *Paige K.B.*, 226 Wis. 2d at 225.

The factors that courts may consider when undertaking the second step of issue preclusion are: (1) could the party against whom preclusion is sought, as a matter of law, have obtained review of the judgment; (2) is the question one of law that involves two distinct claims or intervening contextual shifts in the law; (3) do significant differences in the quality or extensiveness of proceedings between the two courts warrant relitigation of the issue; (4) have the burdens of persuasion shifted such that the party seeking preclusion had a lower burden of persuasion in the first trial than in the second; or (5) are matters of public policy and individual circumstances involved that would render the application of collateral estoppel to be fundamentally unfair, including inadequate opportunity or incentive to obtain a full and fair adjudication in the initial action? *Michelle T. By Sumpter v. Crozier*, 173 Wis. 2d 681, 689, 495 N.W.2d 327
(1993) (footnote omitted).

Clearly, the debtors could have, as a matter of law, obtained review of the state court judgment. Likewise, the quality or extensiveness of proceedings between this Court and the state court are similar. Additionally, the burden of proof before the state court – clear and convincing evidence – was higher than required in this adversary proceeding. *See In re Meyers*, 616 F.3d

5

626, 630 (7th Cir. 2010) (noting clear and convincing standard is more demanding than preponderance of the evidence standard); *Matter of Bero*, 110 F.3d 462, 465 (7th Cir. 1997) ("[T]o prove that a debt is nondischargeable, the creditor bears the burden of proof by a preponderance of the evidence.").

The more pressing question for this Court is whether or not the legal issues at hand involve two distinct claims or intervening contextual shifts in the law. Whether issue preclusion bars relitigation under sections 523(a)(2)(A) and 523(a)(4) are addressed below.

*Issue Preclusion under 11 U.S.C. § 523(a)(2)(A)*.

Section 523(a)(2)(A) states in relevant part:

> A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt . . . for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]

11 U.S.C. § 523(a)(2)(A). The plaintiffs argue that the state court already made a determination that the defendants made misrepresentations to the plaintiffs regarding the contract.

To prove a claim of false pretenses or a false representation under section 523(a)(2)(A), the plaintiffs must prove that (1) the defendants made a false representation of fact; (2) which the defendants (a) either knew to be false or made with reckless disregard for its truth and (b) made with an intent to deceive; (3) the plaintiffs justifiably relied on the false representation; and (4) the plaintiffs were damaged as a proximate result of relying on the misrepresentation. *See In re Ward*, 425 B.R. 507, 516 (Bankr. E.D. Wis. 2010); *In re Lee*, 415 B.R. 367, 371-72 (Bankr. E.D. Wis. 2009).

A breach of a contract or a failure to perform some promised act, by itself, will not render

6

a debt nondischargeable under § 523(a)(2)(A), although entering into a contract or making a promise with no intention of performance may support a finding of nondischargeability. *Lee*, 415 B.R. at 372 (citing *McClellan v. Cantrell*, 217 F.3d 890, 893 (7th Cir. 2000)).

In this case, the only state court findings that arguably allude to misrepresentation – that the defendants orally promised the plaintiffs that the work would be completed by a date certain and that work was not completed as agreed to in the contract – do not meet the elements of section 523(a)(2)(A). "Even if a representation that one will perform some future act can constitute a 'false representation,' such a representation is 'false' only if, at the time the proponent made it, he knew full well that he had no intention of performing the future act." *Ward*, 425 B.R. at 516. The state court did not make any findings regarding the defendants' subjective intention at the time of the representations. Issue preclusion is thus inapplicable to the plaintiffs' cause of action under 11 U.S.C. § 523(a)(2)(A).

*Issue Preclusion under 11 U.S.C. § 523(a)(4).*

The "theft by contractor" provisions of sections 779.02(5) and 779.16, Wis. Stats., create a trust fund for sums paid by a property owner to a general contractor for the benefit of subcontractors and material suppliers. *Kraemer Bros., Inc. v. Pulaski State Bank*, 138 Wis. 2d 395, 399-400, 406 N.W.2d 379, 381 (1987). Wisconsin's theft by contractor statute establishes the type of express statutory trust contemplated by section 523(a)(4) of the Bankruptcy Code. *See Matter of Thomas*, 729 F.2d 502 (7th Cir. 1984) (applying Wis. Stat. § 779.16, theft by contractor statute for public improvements, which provides the same trust fund requirement for general contractors for private improvements).

Section 779.02(5) provides, in relevant part:

7

> Theft by Contractors. [A]ll moneys paid to any prime contractor or subcontractor by any owner for improvements, constitute a trust fund only in the hands of the prime contractor or subcontractor to the amount of all claims due or to become due or owing from the prime contractor or subcontractor for labor, services, materials, plans, and specifications used for the improvements, until all the claims have been paid .... The use of any such moneys by any prime contractor or subcontractor for any other purpose until all claims ... have been paid in full or proportionally in cases of a deficiency, is theft by the prime contractor or subcontractor of moneys so misappropriated and is punishable under s. 943.20.

Wis. Stat. § 779.02(5).

The state court, however, entered judgment against the defendants under the state statutes prohibiting unfair business practices. *See* Wis. Stat. § 100.20(2), (5), promulgated in Wis. Admin. Code ATCP § 110.01, et seq., not the theft by contractor statutes. The judgment states "Plaintiffs were damaged by the negligent, derelict work by the Defendants." (Findings of Fact and Conclusions of Law, Winnebago County Circuit Court Case No. 05 CV 333, entered June 14, 2006). It does not state the damages arose because of conversion of funds held in trust for use in the improvements. *Cf. State v. Longmire*, 2004 WI App 90, 272 Wis.2d 759, 681 N.W.2d 534 (distinguishing homeowners' remediation costs due to breach of contract from funds converted by contractor). Therefore, issue preclusion is not appropriate under 11 U.S.C. § 523(a)(4).

*State Court Award of Damages*.

The defendants argue the state court damage award is improper because the judge failed to credit the defendants for any of the labor and materials provided. In determining the amount of damages, the state court did not provide a breakdown of its calculations. However, as defined in the bankruptcy code, "'debt' means liability on a claim." 11 U.S.C. § 101(12). The plaintiffs' judgment unarguably is a claim in the bankruptcy case; it is a final and unappealed judgment. If

8

the debtors thought that the amount was not proper, they could have moved the state court to reconsider or vacate that judgment, or they could have taken an appeal from it – in state court. The bankruptcy court is not the proper forum to reverse or adjust an adverse judgment, even if it may be technically faulty. Since the full amount of a judgment is a valid claim, the only issue before this Court is whether it is nondischargeable in this case. *See In re Back Bay Restorations, Inc.*, 118 B.R. 166, 169-70 (Bankr. D. Mass. 1990) (bankruptcy courts bound by prior judgments of amount of resulting damages).

Based upon the foregoing analysis, the plaintiffs' motion for summary judgment is denied and further proceedings will be scheduled. A separate order will be entered.

September 9, 2011

Margaret Dee McGarity
United States Bankruptcy Judge